ORIGINAL



FILED
SEP 16 2004
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PHYLLIS LANE,            ) | |
|           Plaintiff,   ) | No. 04-1468L |
|                           ) | Honorable _____ |
| v.                           ) | |
| UNITED STATES,      ) | |
|           Defendant.  ) | |

## COMPLAINT

Plaintiff alleges the following:

### INTRODUCTION

1. The United States, through the issuance of a Notice of Interim Trail Use (NITU) under the National Trails System Improvement Act of 1988, Public Law 100-170, 10s Stat. 2281 (1988), 16 U.S.C. § 1248 (c)-(f), has taken Plaintiff's property rights by denying him a reversionary interest in a railroad right of way located on his property that has been abandoned by the railroad. Plaintiff seeks just compensation as required by the Fifth Amendment to the United States Constitution.

1

ORIGINAL

## PARTY

2. Plaintiff Phyllis Lane is a resident of the State of Washington. Plaintiff claims an interest in the real property which has been taken by the Federal government. Plaintiff is the fee simple owner of property commonly referred to by street address as follows: 247 East Lake Sammamish Parkway SE, Sammamish, Washington. The property is the residence of Plaintiff.

## JURISDICTION

3. This Court has jurisdiction over this claim pursuant to the Tucker Act, 28 U.S.C. Section 1491, because the claim for relief made herein is founded upon the Fifth Amendment to the United States Constitution and the claim is for an amount in excess of $10,000.

## FACTS

4. When Plaintiff purchased his property, his title was encumbered by an easement for a railroad right-of-way that traverses through his property.

5. Effective September 18, 1998, the Surface Transportation Board ("STB") approved interim trail use (a.k.a. "railbanking") of the right of way easement through Plaintiffs' property by issuing a Notice of Interim Trail Use ("NITU") and granting an exemption to Burlington Northern and Santa Fe Railway Company (BN) to abandon the use of subject right of way as an active rail line. This ruling authorized the conversion of the railroad corridor, including the Plaintiff's property, into a recreational trail under the National Trail System Act, 16 U.S.C. 1247(d). *See* Surface Transportation Board Decision and Notice of Interim Trail Use or Abandonment, attached hereto as Exhibit A. BN subsequently

reached an agreement with King County, Washington for use of the right of way for trail purposes and BN has fully abandoned the line.

### FIRST CLAIM FOR RELIEF
### (Taking of Property Without Compensation)

6. Plaintiff incorporates paragraphs 1 through 5 by reference as if fully set forth herein.

7. BN has abandoned the subject railroad right of way. Plaintiff has a property right in the reversionary interest to the right of way as it traverses through their property. That property right has been taken by the Federal government through the issuance of the NITU and conversion of the right of way into use as an interim trail.

8. Plaintiff is entitled to just compensation under the Fifth Amendment to the United States Constitution for the taking of his property right.

### DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff prays for the following relief:

1. Just compensation, in an amount to be determined at trial, as required by the Fifth Amendment to the United States Constitution for the property rights taken by the Federal government as alleged above.

2. An award of compound interest from the date of the taking until the judgment is paid.

3.  An award of reasonable costs, disbursements and expenses, including reasonable attorneys' fees and fees of experts incurred as authorized by 42 U.S.C. § 4654(c).

RESPECTFULLY SUBMITTED this 15th day of September, 2004.

By:  */s/ John M. Groen*

John M. Groen
Diana M. Kirchheim
Attorneys for Plaintiffs

GROEN STEPHENS & KLINGE LLP
2101 – 112th Avenue NE, Suite 110
Bellevue, WA 98004-2944
Telephone (425) 453-6206
Fax (425) 453-6224

# EXHIBIT A

FILE COPY

# EXHIBIT

Case
Docket No.          Title
AB 6 380 X          BURLINGTON NORTHERN ABANDONMENT EXEMPTION - IN KING COUNTY, WA

Decision Summary
MODIFIED TO THE EXTENT NECESSARY THE DECISION SERVED AUGUST 5, 1998, TO IMPLEMENT INTERIM TRAIL USE/RAIL BANKING AS SET FORTH IN THIS DECISION.
Docket No.          Title

Download Files
WP Envoy (requires viewer)    WordPerfect                Graphics/Maps/Figures:

- 29583.evy                   - 29583.wpd

Size of PDF File: 0.00 MB

Approximate download time at 28.8 : 0 Minute(s)

Note:
Some installations of Adobe Acrobat 3 browser plug-ins cannot open large PDF files. If you experience problems viewing our files, we recommend upgrading to an Acrobat 4 reader available free at www.adobe.com.

Full Text of Decision

29583

SERVICE DATE - SEPTEMBER 18, 1998

DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY
--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: September 16, 1998

In a decision served May 13, 1998, the Board granted The Burlington Northern and Santa Fe Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA ( the Redmond-Issaquah Line), subject to labor protective and environmental conditions. Thereafter, in a decision served August 5, 1998, the Board rejected an offer of financial assistance filed by Redmond-Issaquah Railroad Preservation Association under 49 U.S.C. 10904 to continue service on the line.(1)

Also in the August 5 decision, the Board deferred action on requests by King County and The Land Conservancy of Seattle and King County (TLC) that the Board impose interim trail use/rail banking under 16 U.S.C. 1247(d). The Board noted that King County and TLC had submitted statements of

http://www.stb.dot.gov/decisions/ReadingRoom.nsf/dd3c7524168c4981852565070004c4a19/b70283654d29c146f

willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to possible future reconstruction and reactivation of the right-of-way for rail service, as required under 49 CFR 1152.29. The Board also found that the requests complied with the requirements for interim trail use/rail banking. However, the Board deferred action on the requests pending BNSF's notifying the Board as to whether the railroad was going to exercise its abandonment exemption authority and, if so, whether it was willing to negotiate for trail use.

By letter filed August 10, 1998, BNSF has notified the Board that it intends to act on its abandonment exemption authority. BNSF also joins in the requests that a notice of interim trail use (NITU) be issued in this proceeding.

The requests by King County and TLC comply with the requirements of section 1152.29, and BNSF is willing to negotiate for trail use. Therefore, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If BNSF reaches a mutually acceptable final agreement or agreements with King County and/or TLC, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(2). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the decision served August 5, 1998, exempting BNSF's abandonment of the Redmond-Issaquah Line, is modified to the extent necessary to implement interim trail use/rail banking as set forth below for a period of 180 days from the service date of this decision and notice.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations of the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided that the labor protective and environmental conditions imposed in the August 5 decision are met.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams

Secretary

1. See pages 1-5 of the decision for a more detailed discussion of the history of this and related

http://www.stb.dot.gov/decisions/ReadingRoom.nsf/dd3c7524168c498185256507004c4a19/b70283364d29c146f

proceedings.